UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR211

FILED
CHARLOTTE, N.C.

JAN -6 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| (3) MITCHELL KEITH KLEINMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

one 2006 Chrysler 300C SRT 8, VIN 2C3LA73W96H449060;

one 2007 Land Rover Range Rover V8, VIN SALME15407A252946;

all funds, including but not limited to approximately $119,410.82, seized from Wells Fargo Account XXXXXX7097, such account held in the name of RYJAC Computer Solutions, Inc.;

all funds, including but not limited to approximately $48,800.00, seized from Wells Fargo Account XXXXXX0928, such account held in the name of RYJAC Computer Solutions, Inc.; and

Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in the bill of information, including but not limited to the sum of approximately $1,800,000.00 in proceeds and funds involved in the alleged violations.

2. The Federal Bureau of Investigation took possession of the above described specific properties in July of 2009. The Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is authorized to maintain custody of the above-described specific properties.

3. A forfeiture money judgment in the amount of $1,800,000.00 and an order of forfeiture of the specific properties identified above shall be included in the sentence of the Defendant.

4. Pursuant to Fed. R. Crim. P. 32.2(c)(1), to the extent that this Order constitutes a money judgment, this Order shall constitute a final money judgment and no ancillary proceeding or further final order of forfeiture will be necessary. To the extent that this Order constitutes an order for forfeiture of specific properties, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specific properties, and shall publish notice of this forfeiture as required by law;

5. Any person, other than the Defendant, asserting any legal interest in the specific properties may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

6. Following the Court's disposition of all timely petitions filed, a Final Order and Judgment of Forfeiture shall be entered as to the specific properties. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specific properties, and shall dispose of the specific properties according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein, or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding

any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
UNITED STATES ATTORNEY

_____ -12/15/09
BENJAMIN BAIN-CREED
Special Assistant United States Attorney

_____
MITCHELL KEITH KLEINMAN
Defendant

_____
THOMAS BIENERT, ESQ.
Attorney for the Defendant

Signed this the 10th day of Dec., 2009.

_____ JUDGE
UNITED STATES

3