UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR211

| | |
|---|---|
| UNITES STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(3) MITCHELL KEITH KLEINMAN, )<br>)<br>Defendant. )<br>) | **SECOND CONSENT ORDER AND JUDGMENT OF FORFEITURE** |

BASED UPON the Defendant's plea of guilty, the Addendum to Plea Agreement (Dkt. 20), and the Consent Order and Judgment of Forfeiture (Dkt. 26) already issued in this case, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   **$203,573.65 in funds derived from the sale of the real property at 3 Seabluff, Newport Beach, California.**

2. The United States Marshals Service has custody of the funds and the United States Marshals Service and/or other property custodian for the investigative agency is authorized to maintain custody of the funds.

3. An order of forfeiture of the funds shall be included in the sentence of the Defendant.

4. Pursuant to Fed. R. Crim. P. 32.2, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the funds, and shall publish notice of this forfeiture as required by law;

5. Any person, other than the Defendant, asserting any legal interest in the funds may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

6. Following the Court's disposition of all timely petitions filed, a final order and judgment of forfeiture shall be entered as to the funds. If no third party files a timely petition, this Order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the funds, and shall dispose of the funds according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein, or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

BENJAMIN BAIN-CREED
Assistant United States Attorney

MITCHELL KEITH KLEINMAN
Defendant

THOMAS BIENERT, ESQ.
Attorney for the Defendant

Signed this the 22 day of December, 2010.

CHIEF UNITED STATES DISTRICT JUDGE

2